UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SCOTT M. LANG, <br> AKA SCOTTY LANG <br>     Plaintiff <br> v. <br><br> WELTMAN, WEINBERG & REIS CO. LPA, <br><br>     Defendant(s). <br> _____/ | Case No. <br> Jury Trial Demanded |

## COMPLAINT

Plaintiff, Scott M. Lang, by and through his attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

### Nature of Action

1. Plaintiff brings this action against the Defendant debt collector, seeking damages and equitable relief, to redress the Defendant's systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and violations of the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*, as well as violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

### Parties

2. Plaintiff Scott M. Lang ("Plaintiff") is a citizen of Michigan residing in Grant, Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and M.C.L. § 445.251(d).

3. Defendant Weltman, Weinberg & Reis Co., LPA ("Defendant") is a Ohio-based professional corporation with offices located at 175 South 3rd Street, Suite 900 in Columbus, Ohio 43215, with its' registered agent being Eileen M. Bitterman located at

1

965 Keynote Circle in Brooklyn Heights, Ohio 44131.  Upon information and belief, the Defendant regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another, and uses interstate commerce and the mails in a business whose principal purpose is the collection of debt.  The Defendant is a "debt collector" as the term is defined and used in the FDCPA.  The Defendant is a "regulated person" as the term is defined and used in the MCPA.

4. During all times pertinent hereto, the Defendant and/or its' representatives directly and indirectly participated in efforts to collect alleged debts from the Plaintiff in this complaint.

5. The Defendant is a collection agency operating as a "Debt Collector as that term is defined by 15 U.S.C. 1692a(6).

### Jurisdiction and Venue

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1367.  This Court has supplemental jurisdiction regarding the Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this jurisdiction is proper because the Defendant transacts business here, the pertinent events took place here, and the Plaintiff resides here.

### Factual Background

7. The Plaintiff previously incurred a financial obligation that was primarily for personal, family, or household purposes, and was therefore a "debt" as that term is defined under 15 U.S.C. 1692a(5)- namely, a personal credit card debt.

8. Sometime thereafter, the debt was consigned, placed, or otherwise transferred

to the Defendant for collection from the Plaintiff.

9. The Plaintiff's cellular phone number at all times relevant to this matter has been (231) 519-XXXX (full number will be made available upon request), and it is established that the Defendant's places phone calls from the number (513) 723-2200.

10. On August 18, 2015 at 9:31 a.m., the Plaintiff received a **pre-recorded** call from the Defendant at the number provided above regarding the referenced debt. The Defendant left a message lasting fifty nine seconds on the Plaintiff's voicemail.

11. On August 25, 2015 at 8:40 a.m., the Plaintiff received another **pre-recorded** call from the Defendant at the same number, the Defendant this time leaving a message lasting fifty two seconds.

12. On September 1, 2015 at 11:44 a.m., the Plaintiff received another **pre-recorded** call from the Defendant at the same number, the Defendant this time leaving a message lasting fifty two seconds.

13. On September 9, 2015 at 5:11 p.m., the Plaintiff received another **pre-recorded** from the Defendant at the same number, the Defendant this time leaving a message lasting fifty three seconds.

14. The Defendant's phone call to the Plaintiff on September 9, 2015 , and every call prior to that date, was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. Within the immediate four years prior to the filing of this Complaint, the Defendant placed multiple telephone calls to the Plaintiff's phone.

16. Within the immediate one year prior to filing of this Complaint, the Defendant placed multiple calls to the Plaintiff's phone.

17. Upon information and belief, the Defendant placed several calls to the Plaintiff's phone using an "automatic telephone dialing system" as that term is defined by 47 U.S.C. § 227(a)(1).

18. 47 U.S.C. § 227(b) provides in relevant part that it shall be unlawful to make any call (other than for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any…cellular telephone service."

19. The Defendant's calls to the Plaintiff's phone were not calls for emergency purposes.

20. The Defendant repeatedly violated 42 U.S.C. § 227(b) by attempting to collect a debt from the Plaintiff using robocalls placed to the Plaintiff's cellular phone.

21. 47 U.S.C. § 227(b)(3) provides in relevant part that a person or entity may bring an action based on a violation of this subsection to recover for actual monetary loss from such a violation or to receive **$500** in damages for each violation, whichever is greater.  In addition, if the court finds that the Defendant willfully or knowingly violated this subsection it may in its' discretion increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B).

22. The Defendant did "communicate" with the Plaintiff as defined by M.C.L. § 445.251(c), on each such occasion when it called the Plaintiff by phone.

23. The Plaintiff has suffered actual damages as a result of the illegal collection communication by the Defendant in the form of anger, frustration, harassment, and upset.

24. The Defendant's illegal, abusive collection communications as more fully set forth above were the direct and proximate cause of emotional distress on the part of the

Plaintiff and caused him unnecessary personal strain.

25. The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

26. The FDCPA is a strict liability statute and thus proof of one violation thereof is sufficient to support a finding of summary judgment in favor of a Plaintiff. *Cacace v Lucas,* 775 F. Supp. 502, 505 (D. Conn. 1991).  Moreover, a plaintiff in such instances does not need to prove knowledge or intent. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).  The Plaintiff also does not have to have suffered actual damages. *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 437 (6th Cir. 2008).

27. The described acts and omissions of the Defendant were done in connection with efforts to collect an alleged debt from the Plaintiff, such having been done intentionally and willfully.

28. The Defendant intentionally and willfully violated the FDCPA

29. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.

30. For the previously-stated violations of the TCPA specifically, the Plaintiff seeks $500 in damages, trebled to $1,500 if the evidence permits a finding that the Defendant willfully or knowingly placed the robocalls in violation, for each robocall made by the Defendant to the Plaintiff.  The Plaintiff also seeks an injunction prohibiting any future such robocalls placed to his cellular telephone.

## **TRIAL BY JURY**

31. a Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Constitution amend. 7, FedR.Civ.P. 38.

## **COUNT I- VIOLATION OF 15 U.S.C. 1692e set eq.**

32. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

33. The foregoing acts and omissions of the Defendant and/or its' agents constituted numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

34. The Defendant violated 15 U.S.C. § 1692c(a)(1) when it contacted the Plaintiff on the previously-referenced dates by calling his phone at times that were known, or should have been known, to be inconvenient.

35. The Defendant violated 15 U.S.C. § 1692c(c) when it contacted the Plaintiff on or around on the previously-referenced dates by calling his cell phone.

36. The Defendant violated 15 U.S.C. § 1692d when it contacted the Plaintiff on the previously-referenced dates by calling his phone, conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

37. The Defendant violated 15 U.S.C. 1692f through its' unfair and unconscionable conduct when it contacted the Plaintiff on the previously-referenced dates by calling his phone after specifically being asked not to call him.

38. For a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011).  Obviously, the

repeated attempts by the Defendant to contact the Plaintiff were done with one singular purpose- to collect a debt purportedly owed by the Plaintiff to the Defendant.

39. Generally, the FDCPA permits recovery of actual damages for emotional distress.  More specifically, pursuant to 15 U.S.C. § 169k(a)(1), "any debt collector who fails to comply with the FDCPA with respect to any person is liable to such a person in an amount to the sum of…any actual damages sustained by such person as a result of such failure.  Commentary to the FDCPA goes on to state that such actual damages for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress," as well as "out-of-pocket" expenses."  Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13 1988).  See also *Beeker v. Montgomery, Lynch*, 2003 WL 23335929 at 2 (N.D. Ohio) (FDCPA permits recovery of actual damages for emotional distress).

40. Districts within the Sixth Circuit including the Northern District of Ohio have concluded that the FDCPA does not require a plaintiff to satisfy the state law elements of intentional or negligent infliction of emotional distress to recover actual damages for such under 15 U.S.C. § 1692k(a). *Id* at 2.  See also *Minick v. First Federal Credit Control, Inc*. 1981 U.S. Dist. LEXIS 18622, at 3-4 (N.D. Ohio).  "Actual damages for emotional distress can be proved independently of state law requirements" for intentional or negligent infliction of emotional distress. *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991).  In addition, courts have previously concluded that a Plaintiff may prove actual damages for emotional distress purely through his or her own testimony. *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004).

41. Moreover, under the FCRA, actual damages may include economic damages

and damages for "humiliation and mental distress." *Bryant v. TRW, Inc.,* 487 F. Supp. 1234, 1239-40 (E.D. Mich. 1980). The court in that instance instructed the jury to consider mental anguish, embarrassment, and humiliation in determining the proper measure of actual damages to award the victim of a FRCA violation. *Id* at 1239. Such is particularly important given that the damages standard under the FRCA has been looked to when determining the appropriate standard under the FDCPA. *Smith* at 187.

42. The continual intrusions into the privacy of the Plaintiff caused by the Defendant's harassment caused the Plaintiff humiliation and distress.

43. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, for which the Plaintiff should be compensated in an amount to be established by jury and at trial.

### COUNT II- VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT UNDER 47 U.S.C. § 227

44. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

45. The Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. 227(b)(1)(A), by using an automatic telephone dialing system to call the Plaintiff's phone on or around the previously referenced dates and by using an artificial or prerecorded voice during the call.

46. The Defendant further violated 47 U.S.C. 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's phone for its' multiple calls placed prior to the previously-referenced dates and by using an artificial or prerecorded voice during those calls.

47. The Plaintiff has suffered damages as a result of these violations of the TCPA.

48. As an actual and proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, anxiety, loss of sleep and suffering.  The Plaintiff is accordingly entitled to actual damages in the amount of up to $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3), and treble damages in the amount of $1,500.00 per willful violation pursuant to 47 U.S.C. § 227(b)(3).

### COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

49. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

50. The Defendant represents a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251, and the Defendant's foregoing acts violated the Michigan Collection Practices Act, M.C.L. § 445.252.

51. Plaintiff is a "Consumer" as that term is defined at M.C.L. § 445.251.

52. Generally speaking, "the Michigan Collection Practices Act prohibits abusive collection efforts…with respect to obligations arising out of a 'purchase made primarily for personal, family, or household purposes." *Levant v. Am. Honda. Fin. Corp.*, 356 F. Supp. 2d 776, 782 (E.D. Mich. 2005).

53. The Defendant violated M.C.L. 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring at a time that was known to be inconvenient to the Plaintiff, when as described above the Defendant

contacted the Plaintiff's phone on the previously-referenced dates.

54. The Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

55. Plaintiff has suffered damages as a result of these violations of the Michigan Collection Practices Act.

56. As a result of the violations of the MCPA, the Plaintiff is entitled to actual damages or $50.00, whichever is greater, or treble damages for each willful violation, and reasonable attorney's fees and court costs.

## Conclusions of Law

57. This Circuit has previously held that the omission of the bona-fide error defense in this state but otherwise available as an affirmative defense in other jurisdictions, thereby allowing debt collectors to show that their violation was unintentional, signifies Michigan's specific intent to avoid absolving debt collectors of liability, even for unintentional mistakes. *Gamby v. Equifax Information Services, LLC*, 2010 U.S. Dist. Lexis 1157, 1165 (E.D. Mich. Jan. 7, 2010).

58. Moreover, even under the FDCPA, outside of the relatively narrow bona-fide error exception, even a good-faith error can still give rise to liability. As a result, the plain language of the MCPA and cases interpreting the FDCPA show unequivocally that it is immaterial whether a party such as the Defendant knew what it was doing was a violation of the FDCPA or intended to willfully commit such a violation.

## CONCLUSION

**COUNTS I & IV: VIOLATIONS OF 11 U.S.C § 524 AND 15. U.S.C § 1692**

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages for Plaintiff pursuant to 15 U.S.C. §1692k(a)(1) and M.C.L. § 339.916(2);

(B) Statutory damages in an amount of up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and M.C.L. § 339.916(2);

(C) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and M.C.L. § 339.916(2); and

(D) Such further relief as the court deems just and proper.

(E) Punitive Damages.

## COUNT II- VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages pursuant to 47 U.S.C. §227(b)(3);

(B) Treble damages in the amount of $1,500.00 per willful violation pursuant to 47 U.S.C.§ 427(b)(3);

(C) Statutory damages pursuant to M.C.L. 339.916(2); and

(D) Reasonable attorney's fees and court costs pursuant to M.C.L. 339.916(2).

## COUNT III- VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

**WHEREFORE,** based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A) Actual damages pursuant to M.C.L. 339.916(2);

(B) Treble the actual damages pursuant to M.C.L. 339.916(2);

(C) Statutory damages pursuant to M.C.L. 339.916(2); and

(D) Reasonable attorney's fees and court costs pursuant to M.C.L. 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

**RESPECTFULLY SUBMITTED,**
**LAW OFFICES OF NICHOLAS A. REYNA**

/s/ Nicholas A. Reyna                                               October 7, 2015
Nicholas A. Reyna (P68328)
Attorney for Plaintiff
528 Bridge St., Ste. 1A
Grand Rapids, MI 49504
(616) 235-4444
Nickreyna7@hotmail.com